UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN MENDOZA, and all others similarly situated under 29 U.S.C. 216(B) § § § § Plaintiff, § v. § Civil Action No: _____ § § LFC MANAGEMENT SERVICES, INC. § § Defendant. § | |

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff JUAN MENDOZA ("Plaintiff"), on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendant LFC MANAGEMENT SERVICES, INC. ("Defendant") and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, LFC MANAGEMENT SERVICES, INC. ("Defendant") is a company that regularly transacts business within Dallas County, with its principle place of business and facility where Plaintiff worked in Garland, Dallas County, Texas and may be served through registered agent CSC-LAWYERS INCORPORATING SERVICE COMPANY at 211 East 7th Street, Suite 620, Austin, TX 78701, or wherever found. Upon information and belief, Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

6.     All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

7.     This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(B).  It is believed that the Defendant has employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from four months prior to the filing of this Complaint through the present.

8.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9.     29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.."

10.    Plaintiff, JUAN MENDOZA, worked for Defendant as an unloading worker from approximately December 2012 through the present.

11.    Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period.  Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  The Plaintiff's work for the Defendant was actually in and/or so closely related to the

movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

12.     Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, and 2014.

13.     Upon information and belief, the Defendant Corporation is expected to have gross sales or business done in excess of $500,000 annually for the year 2015.

14.     Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15.     During the relevant time period, Plaintiff JUAN MENDOZA worked an average of approximately 50-60 hours per week and was not paid any overtime but instead the same weekly salary and was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act.  Plaintiff therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

16.     Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages for Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendant

or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.  *The Plaintiff requests a trial by jury.*

>
> **Respectfully submitted,**
>
> **URQUIDEZ LAW FIRM, LLC**
>
>  */s/ Thomas J. Urquidez*
> Thomas J. Urquidez
> State Bar No. 24052001
> 5440 Harvest Hill, Suite 145E
> Dallas, Texas 75230
> Phone: 214-420-3366
> Fax:    214-206-9802
> Email:  tom@tru-legal.com
>             urquidezlawfirm@gmail.com
> **COUNSEL FOR PLAINTIFF**